# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RANDALL TAINTER,

          Plaintiff,

v.

          Case No. 22-CV-719-JPS

BROWN COUNTY JAIL and JOSHUA LARMAY,

          **ORDER**

          Defendants.

Plaintiff Randall Tainter, an inmate confined at Dodge Correctional Institution, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants used excessive force against him in violation of the Eighth Amendment. ECF No. 1. This Order resolves Plaintiff's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**1.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

The Prison Litigation Reform Act ("PLRA") applies to this case because Plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. *Id.* § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On July 5, 2022, the Court ordered Plaintiff to pay an initial partial filing fee of $6.03. ECF No. 5. Plaintiff paid that fee on August 2, 2022. The Court will grant Plaintiff's motion for leave to proceed without prepaying

the filing fee. ECF No. 2. He must pay the remainder of the filing fee over time in the manner explained at the end of this Order.

2. **SCREENING THE COMPLAINT**

   2.1 **Federal Screening Standard**

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799

F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

### 2.2 Plaintiff's Allegations

Plaintiff alleges that on July 22, 2017, he finished a visit with his family and had to be escorted back in restraints due to his "high max" status. ECF No. 1 at 2. Defendant Joshua Larmay ("Larmay") escorted him back and said something about Plaintiff spitting on him. *Id.* Plaintiff got upset and asked him not to say that since spitting was the reason he was on a writ in the first place. *Id.* Larmay got upset and pushed Plaintiff against the wall and began banging Plaintiff's head into the wall. *Id.* Larmay then pushed Plaintiff into the cell. *Id.* Plaintiff put his hands outside the trap because Larmay had put his handcuffs on too tight. *Id.* Plaintiff began to lose feeling in his hand and arm. *Id.* Larmay left Plaintiff and he remained there for about forty-five minutes. *Id.* at 3. Plaintiff was in so much pain that he began to cry and puke as a result of a concussion.

When Plaintiff returned to prison, his two attorneys found out what happened and a supervisor took him into a room to take pictures of his injuries. *Id.* Plaintiff still suffers from damage to his arms and from mental health injuries because he is afraid to trust correctional officers. *Id.*

### 2.3 Analysis

First, Plaintiff may proceed on an Eighth Amendment excessive force claim against Larmay. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" on prisoners. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001). When a correctional officer is

Page 3 of 8
Case 2:22-cv-00719-JPS   Filed 09/19/22   Page 3 of 8   Document 12

accused of using excessive force, the core inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010). Several factors are relevant to this determination, including the need for force, the amount of force applied, the threat the officer reasonably perceived, the effort made to temper the severity of the force used, and the extent of the injury caused to the prisoner. *Hudson*, 503 U.S. at 7; *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004). Taking Plaintiff's allegations as true, Larmay's conduct would be viewed as excessive force. As such, Plaintiff may proceed on an Eighth Amendment claim against Larmay for excessive force.

Second, the Court will dismiss Brown County Jail as a defendant. Plaintiff cannot sue Brown County Jail under § 1983. Section 1983 allows a plaintiff to bring a suit against a "person" who, acting under color of law, violates his constitutional rights. Brown County Jail is not a "person;" thus, they are not individuals subject to suit under § 1983. *Andreola v. Wisconsin*, 211 F. App'x 495, 497 (7th Cir. 2006) (citing *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)); 42 U.S.C. § 1983. Therefore, Plaintiff may not proceed with a claim against Brown County Jail.

It is true that under some circumstances, the governing municipality for such entities like Brown County Jail—which is not a person—may be sued under § 1983. *See Monell v. Dep't of Social Serv's of City of New York*, 436 U.S. 658 (1978). However, even if Plaintiff had brought his claim against an appropriate municipality, he has not alleged sufficient facts to allow him to proceed under a *Monell* theory.

Municipalities cannot be held liable for damages under § 1983 unless a policy or custom caused the alleged violation of the plaintiff's rights.

*Monell*, 436 U.S. at 694. To state such a claim, the plaintiff must allege that a policy or custom was created in one of three ways: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice, that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a "custom or usage" with force of law; or (3) an allegation that the constitutional injury was caused by a person with final policy-making authority. *Brokaw v. Mercer County*, 235 F.3d 1000, 1113 (7th Cir. 2000). "Ordinarily, one incident is not sufficient to establish a custom that can give rise to *Monell* liability." *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000) (citing *Calusinski v. Kruger*, 24 F.3d 931, 936 (7th Cir. 1994)).

Here, Plaintiff has not actually alleged and the allegations of the complaint do not plausibly suggest that any such policy or custom exists or that any policy is "permanent and well settled." *Brokaw*, 235 F.3d at 1113. Accordingly, Plaintiff fails to state a claim a *Monell* claim against the governing municipality for Brown County Jail, and it will be dismissed from this action.

3.  **CONCLUSION**

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Excessive force, in violation of the Eighth Amendment, against Larmay.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Page 5 of 8
Case 2:22-cv-00719-JPS   Filed 09/19/22   Page 5 of 8   Document 12

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee, ECF No. 2, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon Defendant Larmay pursuant to Federal Rule of Civil Procedure 4. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the Court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Plaintiff information on how to remit payment. The Court is not involved in collection of the fee;

**IT IS FURTHER ORDERED** that Defendant Larmay shall file a responsive pleading to the complaint;

**IT IS FURTHER ORDERED** that Defendant Brown County Jail be and the same is hereby **DISMISSED** from this case;

**IT IS FURTHER ORDERED** that if Defendant contemplates a motion to dismiss, the parties must meet and confer before the motion is filed. Defendant should take care to explain the reasons why they intend to move to dismiss the complaint, and Plaintiff should strongly consider filing an amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL

5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendant files a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice.

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $343.97 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 19th day of September, 2022.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

Plaintiffs who are inmates at Prisoner E-Filing Program institutions shall submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Prisoner E-Filing is mandatory for all inmates at Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

Plaintiffs who are inmates at all other prison facilities, or who have been released from custody, will be required to submit all correspondence and legal material to:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

**DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS**. If mail is received directly to the Court's chambers, **IT WILL BE RETURNED TO SENDER AND WILL NOT BE FILED IN THE CASE**.

Plaintiff is further advised that failure to timely file any brief, motion, response, or reply may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. **IF PLAINTIFF FAILS TO PROVIDE AN UPDATED ADDRESS TO THE COURT AND MAIL IS RETURNED TO THE COURT AS UNDELIVERABLE, THE COURT WILL DISMISS THIS ACTION WITHOUT PREJUDICE**.